UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY and KATIE THOMAS,

Plaintiffs,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

Defendant.

**COMPLAINT**

Plaintiffs THE NEW YORK TIMES COMPANY and KATIE THOMAS (together, "Plaintiffs" or "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain an order for the production of agency records from United States Immigration and Customs Enforcement ("Defendant" or "ICE") in response to two requests properly made by Plaintiffs (the "Requests").

2. These Requests seek reports addressing the circumstances surrounding detainee deaths in ICE custody, including whether each individual received adequate health services from Defendant. The records are critical to the public's understanding of ICE operations, which have generated intense and ongoing public scrutiny due to the surge in detainee deaths during President Trump's second term.[1] (In accordance with agency policy and requirements imposed by Congress,

[1] *See* Luis Ferré-Sadurní and Ana Ley, *Death of 3 ICE Detainees Prompt Questions About Medical Care*, N.Y. TIMES (Aug. 13, 2026), https://www.nytimes.com/2026/08/13/nyregion/delaney-hall-detainee-health-ice.html ("The 33 deaths that were recorded in 2025 were the most ICE custody deaths in a single year."); *Dying in Detention: Rising Deaths in an Expanding U.S. Immigration Detention System*, HUMAN RIGHTS WATCH (June 25, 2026), https://www.hrw.org/report/2026/06/25/dying-in-detention/rising-deaths-in-an-

ICE identifies individuals who have died in its custody on its public-facing website.[2]) These records will shed light on whether ICE satisfied its obligation to provide adequate health services to detainees or neglected to provide sufficient medical treatment to individuals in its custody.

## PARTIES

3. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

4. Plaintiff Katie Thomas is a reporter at *The New York Times*.

5. Defendant ICE is an agency within the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK

8. FOIA requires that agencies make a determination as to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

9. "In order to make a 'determination' within the statutory time periods . . . the agency must at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for*

expanding-us-immigration-detention-system ("The mortality rate of deaths in ICE custody is at its highest level in over a decade and has more than doubled since Trump's second term began.").

[2] *Detainee Death Reporting*, U.S. Immigr. & Customs Enf't., https://www.ice.gov/detain/detainee-death-reporting (last visited Sep. 10, 2026).

*Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182–83 (D.C. Cir. 2013) (Kavanaugh, J.); *see also* 5 U.S.C. § 552(a)(6)(A)(i)(I) (specifying that a determination must include "the reasons therefor").

10. If an agency determines that "unusual circumstances" apply and has satisfied the procedural requirements to invoke it, FOIA allows the agency up to 10 additional business days to respond. *See* 5 U.S.C. § 552(a)(6)(B)(i); *id.* § (a)(4)(A)(viii)(II)(aa).

11. Defendant has failed to meet the statutory deadlines set by FOIA for the two requests at issue. The Times is therefore deemed to have exhausted all administrative remedies. *Id.* § 552(a)(6)(C)(i).

## BACKGROUND

### ICE Reporting of Detainee Deaths

12. ICE is the federal agency that "manages all aspects of the immigration enforcement process, including identification and arrest, domestic transportation, detention, bond management, and supervised release, including alternatives to detention." *U.S. Immigration and Customs Enforcement*, U.S. Immigr. & Customs Enf't., https://www.ice.gov/about-ice (last visited Sep. 10, 2026).

13. As of September 10, 2026, ICE reported that 57 individuals had died while in its custody or detention facilities since January of 2025. *Detainee Death Reporting*, *supra* note 2; *Criminal illegal alien from China passes away at Saipan ICE facility*, U.S. Immigr. & Customs Enf't, https://www.ice.gov/news/releases/criminal-illegal-alien-china-passes-away-saipan-ice-facility (last visited Sep. 10, 2026).

14. ICE Directive 11003.7 "governs the initial notification, review, and ongoing reporting about the death of an individual" in Defendant's custody and "applies to all detainee

deaths, including but not limited to those occurring in a detention facility, medical facility, holding room, or in transit between facilities." *ICE Directive 11003.7, Notification, Review, and Reporting Requirements for Detainee Deaths*, https://www.ice.gov/doclib/foia/policy/11003.7.pdf (last visited Sep. 10, 2026) ("Directive 11003.7").[3]

15. When an individual dies in ICE custody, Directive 11003.7 instructs the agency to, among other things, prepare two reports related to the detainee's death.

16. Directive 11003.7 requires that the ICE Health Service Corps ("IHSC") must complete a Mortality Review Report no later than 30 days following a detainee's death in ICE custody. Directive 11003.7 at 5.1.5. The IHSC Mortality Review Report is an "[e]valuation of a deceased detainee's medical history and clinical care provided to the detainee to determine the appropriateness of care" and includes "a clinical review, and in the event of a suicide, a psychological autopsy." *Id.* at 3.3.

17. Directive 11003.7 also requires the Office of Professional Responsibility ("OPR") to generate a Detainee Death Review no later than 180 days following a detainee's death in ICE custody. *Id.* at 5.1.7(b). The OPR Detainee Death Review is an "objective examination of the facts and circumstances surrounding the detention and death of an individual to determine whether the deceased detainee received treatment in accordance with applicable standards on health, safety, and security." *Id.* at 3.5.

**<u>The Times's FOIA Requests</u>**

18. On March 6, 2026, Ms. Thomas, on behalf of The Times, submitted a FOIA request to ICE.

[3] Directive 11003.7 superseded a nearly identical ICE Directive (Directive 11003.6) on June 2, 2026.

19. The Times's first FOIA request ("Request 1") sought copies of the IHSC Mortality Reviews and OPR Detainee Death Reviews for 36 individuals who died in ICE custody. These individuals included Genry Donaldo Ruiz-Guillen, Serawit Gezahegn Dejene, Maksym Chernyak, Brayan Rayo-Garzon, Nhon Ngoc Nguyen, Marie Ange Blaise, Abelardo Avelleneda-Delgado, Jesus Molina-Veya, Johnny Noviello, Isidro Perez, Tien Xuan Phan, Chaofeng Ge, Lorenzo Antonio Batrez Vargas, Oscar Duarte Rascon, Santos Reyes-Banegas, Ismael Ayala Uribe, Huabing Xie, Leo Cruz-Silva, Hasan Ali Moh'D Saleh, Gabriel Garcia-Aviles, Kai Yin Wong, Francisco Gaspar-Andres, Pete Sumalo Montejo, Shiraz Fatehali Sachwani, Jean Wilson Brutus, Delvin Francisco Rodriguez, Fouad Saeed Abdulkadir, Nenko Stanev Gantchev, Geraldo Lunas Campos, Luis Gustavo Nunez Caceres, Luis Beltran Yanez-Cruz, Parady La, Victor Manuel Diaz, Heber Sanchaz Domínguez, Lorth Sim, Jairo Garcia-Hernandez. When identifying each of these individuals, The Times listed their respective ages or dates of birth, countries of citizenship, dates of death, locations of detention, and links to corresponding ICE Detainee Death Reports, which are available online, *see Detainee Death Reporting*, supra note 2.

20. On May 11, 2026, ICE acknowledged receipt of Request 1 and assigned it the tracking number 2026-ICFO-19639.

21. ICE also denied The Times's request for expedited processing.

22. Citing the need to perform "a thorough and wide-ranging search," ICE invoked a 10-day extension of time to process Request 1 pursuant to § 552(a)(6)(B).

23. On August 10, 2026, The Times sent an email requesting an update as to the status of Request 1.

24. On August 13, 2026, ICE sent an email in response to The Times's status inquiry as to Request 1 stating that "[a]s of today, your request has been assigned to a processor and is

currently under review. If responsive records have been located, they will be reviewed to determine whether they will be released."

25. To date, The Times has not received a determination on Request 1.

26. On April 15, 2026, Ms. Thomas, on behalf of The Times, submitted a second FOIA request to ICE.

27. The Times's second FOIA request ("Request 2") sought:

> Copies of every (1) IHSC Mortality Review and (2) OPR Detainee Death Review (as described in sections 3.3 and 3.5, respectively, in ICE Directive 11003.6 dated February 27, 2025) completed between January 1, 2025 and the date that the agency conducts its search.

28. On May 11, 2026, ICE acknowledged receipt of Request 2 and assigned it the tracking number 2026-ICFO-23986.

29. Citing the need to perform "a thorough and wide-ranging search," ICE invoked a 10-day extension of time to process Request 2 pursuant to § 552(a)(6)(B).

30. On August 10, 2026, The Times sent an email requesting an update as to the status of Request 2.

31. On August 13, 2026, ICE sent an email in response to The Times's status inquiry as to Request 2, stating that "[a]s of today, your request has been assigned to a processor and is currently under review. If responsive records have been located, they will be reviewed to determine whether they will be released."

32. To date, The Times has not received a determination on Request 2.

**ICE's Prior Release of Records**

33. These categories of records have previously been released by ICE in response to a FOIA lawsuit.

34. On October 10, 2019, Jason Leopold and Buzzfeed, Inc. filed an action against ICE and the U.S. Department of Homeland Security seeking the release of emails, investigative reports, medical records, and other documents related to 25 individuals who had died in ICE's custody. *Leopold, et al. v. U.S. Dep't of Homeland Sec'y*, 2019-cv-3028 (D.D.C.), Dkt. 1 at ¶ 9. ICE ultimately produced more than 5,000 pages of documents related to these individuals, including Detainee Death Reviews. *See* Kendall Taggart et al., *More Than 40 Immigrants Have Died In ICE Custody In The Past Four Years. Here Are Thousands Of Records About What Happened* (Oct. 29, 2020), https://www.buzzfeednews.com/article/kendalltaggart/here-are-thousands-of-documents-about-immigrants-who-died (hyperlinking to relevant records from the FOIA action).

35. On September 3, 2025, Bloomberg L.P. filed an action against ICE seeking "[a]ll records, which includes but is not limited to emails, after action reports, reports of investigations, external investigations, search, arrest and seizure records, alien health records, records memorializing repatriation" relating to individuals who died in ICE custody among other records. *Bloomberg L.P. v. U.S. Immigr. and Customs Enf't, et al.*, 25-cv-07319 (S.D.N.Y.), Dkt. 1 at ¶ 27. ICE is presently producing records to Bloomberg L.P. on a rolling basis. *See e.g. id.*, Dkt. 18, 28.

**FIRST CAUSE OF ACTION (REQUEST 1)**

36. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

37. Defendant is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

38. Defendant has failed to meet FOIA's maximum statutory deadline of 30 business days to make a determination on Request 1. *See* 5 U.S.C. § 552(a)(6)(B)(i).

39. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions applies.

40. No exemptions permit the withholding of the documents sought by Request 1.

41. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to Request 1.

## **SECOND CAUSE OF ACTION (REQUEST 2)**

42. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

43. Defendant is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

44. Defendant has failed to meet FOIA's maximum statutory deadline of 30 business days to make a determination on Request 2. *See* 5 U.S.C. § 552(a)(6)(B)(i).

45. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions applies.

46. No exemptions permit the withholding of the documents sought by Request 2.

47. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to Request 2.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

i. Declare that the records sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

ii. Order ICE to undertake an adequate search for the requested records and to provide those records to Plaintiffs within 20 business days of the Court's order;

iii. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

iv. Grant Plaintiffs such other relief as this Court deems just and proper.

Dated: New York, New York
September 10, 2026

Respectfully Submitted,

*/s/ Alexandra Settelmayer*

David E. McCraw
Alexandra Settelmayer
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Fascimile: (212) 556-4634
Email: mccraw@nytimes.com
alexandra.settelmayer@nytimes.com

*Counsel for Plaintiffs The New York Times Company and Katie Thomas*